IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Aurelio Ruiz Martinez, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| Chicago Police Officer Shani Sun, | ) |
| Chicago Police Officer Tidwell, the City of | ) |
| Chicago, An Illinois Municipal Corporation, | ) |
| LaPorte County Sheriff Michael F. | ) |
| Mollenhauer, in his official capacity, | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff Aurelio Martinez, by his attorney Leo T. McGonigal, and for his complaint against the defendants Chicago Police Officer Shani Sun, Chicago Police Officer Tidwell, the City of Chicago, LaPorte County Sheriff Michael F. Mollenhauer, in his official capacity, states:

COUNT I
CLAIM FOR DAMAGES UNDER 42 U.S.C. 1983- DUE PROCESS

1.      This is an action for damages for unlawful violation of civil rights under Title 42 U.S.C. 1983.

2.      Jurisdiction is invoked under Title 28 U.S.C. 1331.

3.      Venue is proper under Title 28 U.S.C. 1391.

4.      The plaintiff Aurelio Ruiz Martinez resides in the Town of Ligonier, County of Noble, and State of Indiana.

5.      That the defendants Officer Shani Sun, and Officer Tidwell are police officers employed by the City of Chicago and were at all times material hereto acting in the scope of said employment and under color of state law.

6.      The defendant City of Chicago is an Illinois Municipal Corporation charged with a duty to so supervise, manage and control the Department of Police so that procedures are in effect to prevent the violation of civil rights by employees of the City of Chicago Police Department.

7.      The defendant LaPorte County Sheriff Michael F. Mollenhauer, in his official capacity, hereafter referred to as "Mollenhauer,"  is the Sheriff of LaPorte County, Indiana and was at all times material hereto acting in the scope of  employment and under color of state law.

8.      That on September 1, 2007 the Plaintiff Aurelio Ruiz Martinez was a passenger in a motor vehicle driven by his wife on the Indiana Tollway in LaPorte County, Indiana.

9.      That the vehicle was stopped by an Indiana State Police vehicle.

10.      That the State Police Officer informed Plaintiff's wife that the reason for the stop was that her license plate sticker had expired August 31 of that year.

11.      That although Plaintiff's wife showed the police officer her new registration and sticker and explained she had forgotten to attach the new sticker to her plate, the officer required Plaintiff and his wife to produce identification.

12.      That after the Plaintiff and his wife had produced their identification, they were detained at the scene and Plaintiff was taken into custody on an outstanding

2

warrant, issued by the Circuit Court of Cook County, Illinois in 1981, in the name of
Aurelio Martinez.

13.     That when he learned the reason he was being taken into custody, Plaintiff
protested his innocence, stating he had not arrived in this country until 1989 and had
previously been mistakenly detained in 1999 for an hour after a traffic stop in Ligonier,
Indiana and released after the mistaken identity was verified.

14.     That Indiana State Police Officers told Plaintiff and his wife that the
Chicago Police should be contacted if the Plaintiff and his wife believed that he was not
the man sought in the warrant.

15.     That the Indiana State Police delivered Plaintiff to the LaPorte, Indiana
Jail where he was held from September 1, 2007 until September 18, 2007 despite his
repeated protestations of mistaken identity to jail personnel.

16.     That Plaintiff's wife travelled to the Chicago Police headquarters on
September 2, 2007 and spoke to an officer with responsibility for warrants and
extradition.

17.     That Plaintiff's wife brought with her copies of Plaintiff's resident alien
documentation, his social security card, his "Matricula" card from Mexico, his passport,
his current employment information, and his employment history dating back to 1989.

18.     That Plaintiff's wife told the officer she spoke to, who identified himself
as Officer Tidwell, that her husband was being wrongfully detained in the LaPorte
Indiana Jail, that he was not the person sought in the 1981 warrant, that the same error
had been made in 1999 in Ligonier, Indiana and promptly corrected, and asked that the
Chicago Police Department correct the error and see that her husband was released.

19. That the officer accepted the copies of these documents and informed her that he would forward them to his supervisor.

20. That thereafter the Plaintiff's wife had a series of daily conversations by telephone and on occasion, in person, with personnel from the Chicago Police Department, including an officer who identified herself as Defendant Shani Sun, who told Plaintiff's that she was the supervisor of the extradition office.

21. That Plaintiff's wife repeatedly asked the officer who identified herself as Defendant Shani Sun to have the Chicago Police pick up her husband so he could be brought to Court so the mistake could be cleared up.

22. That the officer who identified herself as Defendant Shani Sun and Plaintiff's wife talked by telephone on at least 7 different days following Plaintiff's arrest.

23. That the officer who identified herself as Defendant Shani Sun told Plaintiff's wife that "it will take as long as it takes", that this was no emergency and that "if you keep calling, it will just take longer".

24. That on September 18, 2007 the Plaintiff was picked up by Chicago Police officers and transported to Chicago, Illinois.

25. That on September 19, 2007 was brought before a Judge of the Cook County Circuit Court and ordered released on an individual recognizance bond.

26. That on October 10, 2007 the Plaintiff was discharged and an order was entered indicating that Plaintiff was not the offender sought under the warrant.

27. That at all times material hereto the defendants Officer Shani Sun and Officer Tidwell had a duty under the Fourteenth Amendment to the Constitution of the

United States to refrain from the denial of plaintiff's liberty without due process of law in investigating Plaintiff's claim of innocence and in his continued detention under the arrest warrant.

28.     That notwithstanding said duty, the defendants  Sun and Tidwell were then and there guilty of one or more of the following wrongful acts and/or omissions to act:

a.     Failed to conduct a reasonable investigation of Plaintiff's claim of innocence,

b.     Failed to promptly schedule pick-up of Plaintiff from the LaPorte Indiana Jail,

c.     Unreasonably delayed  Plaintiff's appearance before a judge for a determination of whether he was the man sought under the 1981 warrant,

d.     Failed to conduct a reasonable investigation into the documents delivered by Plaintiff's wife on September 2, 2007, and

e.     Ignored Plaintiff's wife's protestation of his innocence.

29.     That the failure by the defendants to assure that plaintiff was picked up and brought before a judge in a reasonable time following his arrest was in violation of Plaintiff's right to be free from the deprivation of his liberty without due process of law under the Fourth amendment to the Constitution of the United States, applicable to the states through the fourteenth amendment to the Constitution of the United States.

29.     That as a direct and proximate result of one or more of the defendants' foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United

States, deprivation of his liberty and injury to his person, pain, suffering, disability, loss of income, mental anguish and humiliation.

WHEREFORE, Plaintiff demands judgment against defendants  Chicago Police Officer Shani Sun and Officer Tidwell for their wrongful their violation of his right to be free from the deprivation of his liberty without due process of law under the Fourth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States, in the amount  sufficient to compensate him for his damages, and punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus his attorneys fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

## COUNT II

### *MONELL* CLAIM AGAINST DEFENDANT CITY OF CHICAGO

1-29.   Plaintiff here re-alleges the allegations of paragraphs 1-29 of Count I as if fully set forth herein.

30.     That Defendant City of Chicago is an Illinois Municipal Corporation, which operates, administers, maintains and controls the Chicago Police Department as one of its executive branches.

31.      That the City of Chicago has established policies and procedures For its Police Department of ignoring all complaints of mistaken identity.

32.      That in establishing said procedures, the Defendant City of Chicago had a duty under the Fourth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of

the United States, to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subjected to unreasonable detention when arrested on the basis of mistaken identity.

33.     That notwithstanding its aforesaid duties, the defendant City of Chicago was guilty of one or more of the following wrongful acts or omissions to act in violation of the plaintiff's aforesaid Constitutional rights:

> a.   allowed policies and procedures to continue in force and effect which resulted in failing to investigate valid claims of mistaken identity by detainees,
>
> b.   had a custom and practice of failing to independently and adequately investigate complaints of mistaken identity,
>
> c.   had a custom and practice of failing to effectively discipline or retrain police officers who ignored complaints by detainees of mistaken identity,
>
> d.   allowed the continuance in  force and effect of policies and procedures which failed to protect detainees from deprivation of liberty by its reckless indifference to persistent protests of innocence and mistaken identity.

34.     That as a direct and proximate result of one or more of the defendant's foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, deprivation of his liberty and injury to his person, pain, suffering, disability, loss of income, mental anguish and humiliation.

WHEREFORE, Plaintiff demands judgment against the defendant City of Chicago, an Illinois Municipal Corporation, in the amount sufficient to compensate him for his damages, plus his attorney's fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

## COUNT III

### *MONELL* CLAIM AGAINST DEFENDANT  MOLLENHAUER

1-29.   Plaintiff re-alleges as if fully set forth herein the allegations of paragraphs 1-29  of Count I as paragraphs 1-29  of this Count.

30.     That Defendant LaPorte County Sheriff Michael F. Mollenhauer is the head of the LaPorte County, Indiana Sheriff's Office which operates, administers, maintains and controls the LaPorte County Jail and is sued in his official capacity.

31. That the LaPorte County Sheriff Michael F. Mollenhauer has established policies and procedures for his office of ignoring all complaints of mistaken identity by detainees on interstate warrants.

32.     That in establishing said procedures, the Defendant Mollenhauer had a duty under the Fourth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States, to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subjected to unreasonable detention when arrested on the basis of mistaken identity.

33.     That despite Plaintiff's repeated protestations that he was not the person sought under the warrant, Defendant Mollenhauer failed to conduct a reasonable investigation into Plaintiff's claims.

34.     That notwithstanding its aforesaid duties, the defendant Mollenhauer was guilty of one or more of the following wrongful acts or omissions to act in violation of the plaintiff's aforesaid Constitutional rights:

> a.  allowed policies and procedures to continue in force and effect which resulted in failing to investigate valid claims of mistaken identity by detainees,
>
> b.  had a custom and practice of failing to independently and adequately investigate complaints of mistaken identity,
>
> c.  had a custom and practice of failing to effectively discipline or retrain officers who ignored complaints by detainees of mistaken identity, and
>
> d.  allowed the continuance in  force and effect of policies and procedures which failed to protect detainees from deprivation of liberty by its reckless indifference to persistent protests of innocence and mistaken identity.

35.     That as a direct and proximate result of one or more of the defendant Mollenhauer's foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, to be free from deprivation of his liberty without due process, injury to his person, pain, suffering, disability, loss of income, mental anguish and humiliation.

WHEREFORE, Plaintiff demands judgment against the defendant LaPorte County Sheriff Michael F. Mollenhauer, in his official capacity, in an amount sufficient to compensate him for his damages, plus his attorney's fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

Respectfully submitted,

/s/_____
One of the Attorneys for Plaintiff

LEO T. McGONIGAL
53 W. Jackson Blvd.,
Ste. 1430
Chicago, IL  60604
312-427-6226